# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

TARVIO WALKER　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 4:08CV141-P-A

MPAE LIVESTOCK, ET AL.　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Tarvio Walker, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff claims that while he was working for MPAE Livestock at the Mississippi State Penitentiary, a steel cart rolled over his foot, injuring him. In addition, when the plaintiff did not report to work, his supervisor submitted a rule violation report alleging that the plaintiff failed to show up for work. The plaintiff acknowledges that he did not complete the prison grievance process because he believes the 90-day period to complete the process is too long.

### Discussion

The plaintiff's claim regarding rolling the cart over his own foot amounts, at most, to a claim of negligence (notably, his own negligence). Giving him the benefit of the doubt about the source of the negligence, negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As such, any claims arising out of the cart's roll

over the plaintiff's foot shall be dismissed for failure to state a claim upon which relief could be granted.

Similarly, the plaintiff's complaint about the possibility of losing his prison job because of rule violation reports must be dismissed. The constitution does not confer inmates a constitutional right to a particular job assignment. *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978). The assignment of an inmate to a particular job is a matter of prison administration which falls within the sound discretion of the prison officials. *Gardner v. Johnson*, 429 F.Supp. 432 (E.D. Mich. 1977). As such, the issue of the plaintiff's employment within a state prison shall be dismissed. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

Finally, the plaintiff acknowledges in his complaint that he did not exhaust his administrative remedies because he believes that the 90-day period of review is too lengthy. As such, in the alternative, the instant case shall be dismissed for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of February, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE